**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anne Mitchell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 2468 |
| | ) | |
| NCEP, LLC, a Nevada limited liability company, and Praxis Financial Solutions, Inc., an Illinois corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Anne Mitchell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Anne Mitchell ("Mitchell"), is a citizen of the State of South Carolina from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Sears credit card account.  These collection actions took place despite the fact that she had exercised her rights under the FDCPA to refuse to pay the

debt, and be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4. Defendant, NCEP, LLC ("NCEP"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. NCEP operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NCEP was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCEP is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant, Praxis Financial Solutions, Inc. ("Praxis"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Praxis operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Praxis was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants NCEP and Praxis are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>,

record from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct business in Illinois.

8. Defendants NCEP and Praxis are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Mitchell is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Sears credit card account. At some point in time after that debt became delinquent, another bad debt buyer/debt collector, United Debt Holdings ("United") bought/obtained Ms. Mitchell's alleged Sears debt. When United began trying to collect this debt from Ms. Mitchell, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Specifically, United had another debt collector, Credit Control, demand payment of the Sears debt from Ms. Mitchell, which did so by sending her a collection letter dated August 1, 2011. A copy of this collection letter is attached as Exhibit C.

11. Via a letter dated February 10, 2012, one of Ms. Mitchell's attorneys at LASPD informed United, through its collection agent, that Ms. Mitchell was represented by counsel, and directed United to cease contacting her, and to cease all further collection activities because Ms. Mitchell was forced, by her financial circumstances, to

refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. The affect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop. Nonetheless, Defendant NCEP then bought/obtained Ms. Mitchell's alleged Sears account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Mitchell and had Defendant Praxis send Ms. Mitchell a collection letter, dated November 14, 2013, demanding payment of the alleged Sears debt. A copy of this collection letter is attached as Exhibit E.

13. Moreover, Defendants knew, or should have known, that there was a problem with the debt at issue due to the age of the portfolio of the debts that included Plaintiff's alleged debts. In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

14. Accordingly, on January 29, 2014, Ms. Mitchell's LASPD attorneys had to send Defendants a letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Plaintiff's agent/attorney, LASPD, gave Defendants notice to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD

had given notice in writing, to Defendants' predecessor-in-interest that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Anne Mitchell, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Mitchell, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anne Mitchell, demands trial by jury.

        Anne Mitchell,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: April 7, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900

(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

7